UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

JENNIFER MORO,

    Plaintiff,

vs.

TOTAL FAMILY HEALTH CARE CENTER, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, JENNIFER MORO, (hereinafter "Plaintiff") through undersigned counsel, hereby files this Complaint and sues TOTAL FAMILY HEALTH CARE CENTER, INC., (hereinafter referred to as "the Defendant"), and states as follows:

1. The Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. 12182 et seq., the 2010 ADA Standards (AMERICANS WITH DISABILITIES ACT" or "ADA") and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

2. Venue is proper in this Court, the Southern Division, pursuant to 28 U.S.C. §1391(B) and rule 3.1 Local Rules of the United States District for the Southern District of Florida in that all the events giving rise to the lawsuit occurred in Broward County, Florida at Defendant's Davie location, (hereinafter "Subject Facility") and/or also maintains and controls the Subject Facility located at 777 N. Davie Rd., Ext., ste. 302A, Davie, FL 33024 ("Subject Property").

## PARTIES

6. Plaintiff, JENNIFER MORO is sui juris and is a resident of Indian River County in the state of Florida. She is an individual with multiple spinal injuries including spinal fusions to three levels in her lumbar with injuries to the entire lumbar region. She has severe spinal stenosis with resulting nerve damage to her lower limbs. She has a left foot drop and neuropathy in her lower limbs and feet. As a result she suffers impaired motor and sensory function throughout her body. Because Plaintiff is required to transverse with a walker and/or electric scooter, she is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, bending, reaching, grasping, etc.

7. In order to assist her with these limitations, Plaintiff has a service animal trained to assist her when falling or after having fallen, to fetch items she cannot reach including those she drops due to her disability.

8. At the time of Plaintiff's visit to Defendant's facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA. The Plaintiff personally visited the Defendant's facility but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendant's facility, even though she would be classified as a "bona fide patron". Specifically, Defendant refused to treat Plaintiff at her scheduled appointment due to the presence of her service animal.

9. Plaintiff will avail herself of the services offered at the facility in the future, provided that the Defendant modify the premises or modify its' policies and practices to accommodate

individuals who use wheelchairs. Plaintiff frequently visits Broward County for her medical needs due to the specific requirements and restrictions imposed by her insurance. Defendant is one of the limited number of providers that accepts Plaintiff's insurance and has openings. In fact, Plaintiff's spouse had visited Defendant a few weeks prior to Plaintiff's attempted visit. Plaintiff also has a dentist located in Broward County due to the insurance restrictions.

10. It is the Plaintiff's belief that said violations will not be corrected without court intervention, and thus the Plaintiff will suffer legal harm and injury in the near future.

11. Defendant, a medical office offering psychiatric services to oversee medication needed by Plaintiff, is a corporation and is authorized to conduct and is in fact conducting business within the state of Florida. Upon information and belief, Defendant, is the owner and operator of a public accommodation at the subject property.

12. Defendant is a recipient of federal financial assistance or funding and is required to comply with Section 504 of the Rehabilitation Act of 1973 ( also referred to as "Section 504" or "Rehab Act").

13. Defendant accepts medicare insurance plans which also subjects it to Section 504.

14. Defendant is a public accommodation and is required to comply with Title III of the Americans with Disabilities Act (ADA) and regulations propounded by the United States Department of Justice under the ADA.

**COUNT I - VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

15. Plaintiff adopts and re-alleges the allegations stated in paragraph "1" through "14" of this complaint as if fully stated herein.

16. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. See 42 U.S.C. §12182; 28 C.F.R. §36.508(a).

17. Congress found, among other things, that:

    (i)   some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

    (ii)  historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

    (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

    (iv)  individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and

    (v)   the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non- productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

18. Congress explicitly stated that the purpose of the ADA was to:

    i.   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    ii.  provide, clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    iii. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

    U.S.C. §12101(b)(1)(2) and (4).

19. Pursuant to 42 U.S.C. §12182(7), 28 CFR §36.104 and the 2010 ADA Standards, Defendant's facility is a place of public accommodation covered by the ADA by the fact it is an establishment which provides services to the general public, and must be in compliance therewith.

20. The Defendant has discriminated and continues to discriminate against the Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the subject property as prohibited by 42 U.S.C. §12182, and 42 U.S.C. §12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

21. Plaintiff has visited the Subject Property, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact. Defendant refused to provide medical services to Plaintiff due to her service animal.

22. Plaintiff intends to return within the next six months on a spontaneous, full and equal basis as needed for medical care. However, Plaintiff is precluded from equal access to health care by the Defendant's failure and refusal to provide disabled persons with service animals with full and equal access. Therefore, Plaintiff continues to suffer from

discrimination and injury due to discfriminatorty exclusion of Plaintiff and her service animal which is a violation of the ADA.

23. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA See 28 CFR §36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

24. The Defendant is in violation of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against the Plaintiff as a result of denying access of scheduled medical services to Plaintiff due to the presence of her service animal.

25. Pursuant to the ADA, 42 U.S.C. §12101 et. seq., and 28 C.F.R. §36.304, the Defendant was required to make the establishment of a place of public accommodation accessible to persons with disabilities by January 28, 1992. As of this date the Defendant has failed to comply with this mandate.

26. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C. §12205.

27. Providing medical services to Plaintiff in the presence of her service animal is readily achievable and causes no "Undue Hardship" to Defendant as doing so does not create significant difficulty or expense.  42 U.S.C.12182 (b)(2)(A)(iv); 42 U.S.C. 12181(9); 28

C.F.R. 36.304.

28. Upon information and belief, there is no financial cost to Defendant to change its policy to permit access to persons with disabilities relying on service animals.

29. Additionally, providing medical services to Plaintiff and others with service animals poses no risk of harm or danger to Defendant or its constituents; Defendant is a psychiatrist who oversees the medication needs for Plaintiff and other patients. I.e. there are no health or safety risks posed by permitting service animals in this context.

30. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter Defendant's policies and procedures to provide equal access to individuals with disabilities to the extent required by the ADA and closing the Subject Facility until the requested changes in policy are completed.

WHEREFORE, Plaintiff demands judgment against the Defendant and requests the following injunctive and declaratory relief:

A. That this Honorable Court declares that the Subject public accommodation owned, operated and/or controlled by the Defendant is in violation of the ADA due to its discriminatory practices;

B. That this Honorable Court enter an Order requiring Defendant to alter its policies and procedures to make its medical services accessible to and usable by individuals with disabilities who are accompanied and supported by service animals to the full extent required by Title III of the ADA;

C. That this Honorable Court enter an Order directing the Defendant to evaluate and neutralize policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant to undertake

and complete corrective procedures and permit service animals;

D. That this Honorable Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit to the Plaintiff; and

E. That this Honorable Court award such other and further relief as it may deem necessary, just and proper.

### COUNT II - VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT, 29 U.S.C. § 794

31. Plaintiff restates paragraphs 1 through 14, 20 through 22, 29 through 30 as if alleged herein.

32. Plaintiff has a physical impairment that substantially limits the major life activities of hearing and speaking. Therefore Plaintiff is an individual with a disability under 29 U.S.C. § 705(20).

33. Defendant is a medical office which is principally engaged in the business of providing health care and receives funding from the federal government by and through medicare and medicaid, and government grants, loans, contracts and direct payments subjecting it to 29 U.S.C. § 794.

34. Therefore, Defendant is a recipient of federal financial assistance and subject to 29 U.S.C. § 794.

35. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulation, 34 C.F.R. § 104, et seq., require that no qualified individual with a disability, on the basis of that disability, be excluded from participation in, be denied the benefit of, or otherwise discriminated against in the services, programs, or activities which receive Federal financial assistance.

36. Defendant violated Section 504 of the Rehabilitation Act by subjecting Plaintiff to discrimination by denying equal access to healthcare and to the medical facility which

is a public accommodation.

37. Specifically, Defendant violated Section 504 of the Rehabilitation Act by denying service to Plaintiff due to the presence of her service animal..

38. Defendant had actual knowledge of its obligation to provide equal access to healthcare and medical services for Plaintiff when Plaintiff explained that denying her service was a violation of the law.

39. Defendant callously stated that she did not care and made a negative comment regarding all the Veterans who had service animals as well.

40. Defendant' asctions in regards to Plaintiff were either intentional, or in deliberate indifference to her rights as a person with a disability.

41. Plaintiff has suffered emotional distress and damages in the past, and continues to suffer emotional distress and damages due to Defendant's violations of Section 504 of the Rehabilitation Act.

42. WHEREFORE, Plaintiff, JENNIFER MORO that this Court grant the following relief against Defendant, including entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Section 504 of the Rehabilitation Act, permanently enjoining Defendant from any practice, policy, and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services. This includes entering a permanent injunction ordering Defendant:

    A. To cease discriminating against Plaintiff and other patients with disabilities;
    B. To promulgate, train and comply with the policies and procedures to ensure that Defendant and its employees and/or agents do not discriminate against individuals with disabilities;

  C. To provide healthcare services that ensure Plaintiff has full and equal access to Defendant's entire health care facility; and

  D. Award compensatory damages;

  E. Award reasonable costs and attorneys' fees;

  F. Award any and all other relief that this Court deems proper.

Dated this 17th day of October 2019.

    Respectfully submitted,

    **The Advocacy Group**
    *Attorneys for Plaintiff*
    200 S.E. 6th Street, Ste. 504
    Fort Lauderdale, FL 33301
    Telephone: (954) 282-1858
    Service Email: service@advocacypa.com

    By: */s/ Jessica L. Kerr*
    Jessica L. Kerr, Esq.
    Fla. Bar No. 92810